IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-11104
Summary Calendar

HUGH RUSSELL HUGHES

Plaintiff - Appellant

v.

BRINKER INTERNATIONAL INC

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-926

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Hugh Russell Hughes appeals following the district court's grant of summary judgment in favor of his employer, Brinker International, Inc., in a suit raising a claim of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634. Reviewing Hughes's claims de novo, we AFFIRM the district court's judgment for the following reasons. See Berquist v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Washington Mut. Bank, 500 F.3d 344, 348 (5th Cir. 2007), cert. denied, 128 S. Ct. 1124 (2008).

1.      Hughes argues that Brinker's purported reasons for his termination—poor performance and the sexual harassment of another employee—were pretextual because his performance was not inadequate and Brinker gave inconsistent reasons for his discharge. He also asserts that he is innocent of the harassment charge. The record documentation, including internal company e-mail, shows that Hughes was given substandard performance evaluations and warned about his performance four times in the three years preceding his termination. It also shows that the sexual harassment allegation, which occurred only two weeks before the discharge, was discussed with Hughes at the time of his firing and was consistently mentioned as a factor in the employment decision. Whether Hughes was actually guilty of the charge is not relevant as long as the employer reasonably believed it and acted on it in good faith. See Waggonner v. City of Garland, 987 F.2d 1160, 1165–66 (5th Cir. 1993). There is no evidence to the contrary.

2.      Hughes also reasons that the grounds for his termination were pretextual because Brinker failed to follow company policy by placing him on probation or suspending his managing partner status due to his alleged poor performance. Hughes fails to show that he was treated differently from others, and Brinker's alleged failure to follow company policy absent such a showing is insufficient to demonstrate pretext. See Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 346 (5th Cir. 2007).

3.      Hughes apparently contends that statistical evidence further demonstrates pretext because only 22 of 88 managers in the

Dallas/Ft. Worth area are over the age of 40. Hughes provides no analysis of this evidence beyond the raw number and offers no explanation of its context. Without more, the statistical information fails to show pretext. See Cheatham v. Allstate Ins. Co., 465 F.3d 578, 583 (5th Cir. 2006).

4.      Finally, Hughes asserts that there is a fact issue as to who made the final employment decision and whether that person acted merely as a "cat's paw" for another employee. Hughes's argument is unavailing as he fails to show an improper animus by any Brinker employee or that there was improper leverage exerted over anyone. See Roberson v. Alltel Info. Servs., 373 F.3d 647, 653 (5th Cir. 2004). Hughes's subjective speculation about his discharge is insufficient to establish his claim. See id. at 654.

AFFIRMED.